# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**GUY DIMAURO and BRIAN POTTER**
**on behalf of themselves and other**
**similarly situated persons,**

    Plaintiffs,

v.                                CASE NO.:

**CHECKMATE PIZZA, LLC,**

    Defendant.
_____/

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, GUY DIMAURO and BRIAN POTTER ("Plaintiffs") on behalf of themselves and other similarly situated persons, by and through their undersigned counsel bring this action against Defendant, CHECKMATE PIZZA, LLC, and state:

## NATURE OF THE LAWSUIT

1. This is a class action complaint for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and Florida common law. This Complaint is filed as a collective action under 29 U.S.C. § 216(b) and Fed. R. Civ. P. 23.

2. Plaintiffs bring this collective action to recover the unpaid wages owed to them and all other similarly situated employees, current and former, of Defendant who worked in Florida, at any time during the three-year period before this Complaint was filed up to the present ("Class Members"). These Class

Members should be informed of the pendency of this action and apprised of their rights to join in the manner envisioned by *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989), and its progeny.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

4. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Hernando County, Florida, and Hillsborough County, Florida, which lie within the Middle District.

## PARTIES

5. Plaintiff GUY DIMAURO is a resident of Hillsborough County, Florida, and worked for Defendant in Hillsborough County, Florida.

6. Plaintiff BRIAN POTTER is a resident of Hernando County, Florida, and worked for Defendant in Hernando County, Florida.

7. Defendant operates a pizza company in Tampa, in Hillsborough County, Florida, and Hernando County, Florida.

## GENERAL ALLEGATIONS

8. Plaintiffs have satisfied all conditions precedent, or they have been waived.

9. Plaintiffs have hired the undersigned attorneys and agreed to pay them a fee.

10. Plaintiffs request a jury trial for all issues so triable.

11. In an FLSA case, the following elements must be met. "(1) [Plaintiff] is employed by the defendant, (2) the defendant engaged in interstate commerce, and (3) the defendant failed to pay [Plaintiff] minimum or overtime wages." *Freeman v. Key Largo Volunteer Fire & Rescue Dept., Inc.,* 494 Fed. Appx. 940, 942 (11th Cir. 2012) *cert. denied,* 134 S. Ct. 62, (U.S. 2013).

12. At all times material hereto, Named Plaintiffs GUY DIMAURO and BRIAN POTTER were employed by Defendant as drivers.

13. The putative class of similarly situated employees consists of all other Florida drivers employed by Defendant within the last three years. These similarly situated persons will be referred to as "Members of the Class" or "the Class."

14. At all times material hereto, Plaintiff and Members of the Class were "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such were subject to the individual coverage of the FLSA.

15. At all times material hereto, Plaintiffs and Members of the Class were "employees" of Defendant within the meaning of the FLSA.

16. At all times material hereto, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

17. Defendant continues to be an "employer" within the meaning of the FLSA.

18. At all times material hereto, Defendant was and continues to be an enterprise covered by the FLSA, as defined under 29 U.S.C. §§ 203(r) and 203(s).

19. At all times relevant to this action, Defendant engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203(s).

20. At all times relevant to this action, the annual gross sales volume of Defendant exceeded $500,000 per year.

21. Specifically, Plaintiffs and the Class were not employed by Defendant in a bona fide administrative, executive, or professional capacity. In particular, Plaintiffs and Members of the Class had no authority to hire or terminate any other employee of Defendant; they had no special or professional qualifications and skills for the explicit use of which they were employed by Defendant; and they had no control whatsoever over Defendant's business operations, even from an administrative standpoint.

22. Thus, Plaintiff and Members of the Class are "non-exempt employees" who are covered by the FLSA.

23. At all times material hereto, the work performed by Plaintiffs and Members of the Class was directly essential to the business performed by Defendant.

## **FACTS**

24. Plaintiff BRIAN POTTER began working for Defendant as a driver in January 2010.

25. Plaintiff GUY DIMAURO began working for Defendant as a driver in June 2021.

26. At various times material hereto, Plaintiffs and Members of the Class worked hours in excess of forty (40) hours within a work week for Defendant, and they were entitled to be paid an overtime premium equal to one and one-half times their regular hourly rate for all of these hours. However, Defendant did not pay the Plaintiffs and Members of the Class overtime premium required by the FLSA.

27. Defendant's actions were willful, and showed reckless disregard for the provisions of the FLSA.

28. In exchange for Plaintiffs' services, Defendant agreed to pay Plaintiffs a wage, as well as tips and mileage compensation.

29. Defendant failed to pay Plaintiffs all wages owed to Plaintiffs, including tips and mileage compensation.

30. Plaintiffs' unpaid wages, tips, and mileage compensation constitute "wages" under Florida common law, as well as under Fla. Stat. Section 448.08.

31. Defendant's failure to pay Plaintiffs all of Plaintiffs' wages was willful.

## 216(b) COLLECTIVE ACTION ALLEGATIONS

32. Plaintiffs bring this case as an "opt-in" collective action on behalf of similarly situated employees of Defendant (the "Class") pursuant to 29 U.S.C. § 216(b). The Class is composed of drivers whom Defendant failed to compensate for all overtime hours worked in accordance with the FLSA.

33. Therefore, notice is properly sent to: All drivers whom Defendant failed to compensate at the premium rate for each hour over forty that they worked in each week worked from March 2020 to the present."

34. The total number and identities of the Class members may be determined from the records of Defendant, and the Class may easily and quickly be notified of the pendency of this action.

35. Plaintiffs are similar to the Class because they and the Class have been unlawfully denied full payment of their overtime wages as mandated by the FLSA.

36. Plaintiffs' experience with Defendant's payroll practices are typical of the experiences of the Class.

37. Defendant's failure to pay all overtime wages due at the premium rates required is common to the Class.

38. Defendant's practice of making unlawful deductions from wages in violation of the FLSA is common to the Class.

39. Overall, Plaintiffs' experience as drivers who worked for Defendant but were not paid the premium rate for each hour over forty that they worked in each week is typical of the experience of the Class.

40. While, specific job titles or job duties of the Class do not prevent collective treatment, Plaintiff and the putative Class members were all hired by Defendant as drivers to drive and deliver its products.

41. Although the issues of damages can be individual in character, there remains a common nucleus of operative facts concerning Defendant's liability under the FLSA in this case because its policies to not pay the FLSA required premium rate for each hour over forty that they worked in each week applied to all of Defendant's drivers.

## CLASS ACTION ALLEGATIONS

42. Plaintiffs also sues on their own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

43. Plaintiffs bring their Florida common law unpaid wages claim on behalf of all persons who were employed by Defendants at any time since March 2020, to the entry of judgment in this case (the "Class Period"), who were "drivers" and who have not been paid all of their wages, including tips and mileage compensation.

44. The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are likely between 15 and 50 members of the Class during the Class Period.

45. The claims of Plaintiffs are typical of the claims of the Class, and a class action is superior to other available methods of fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

46. The Defendant acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

47. Specifically, Defendant failed to pay its Florida drivers all of their wages as mandated by Florida common law.

48. Application of this policy or practice does/did not depend on the personal circumstances of Plaintiffs or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment of wages to Plaintiffs applied and continues to apply to all class members. Accordingly, the class members are properly defined as:

**Florida Common Law Unpaid Wages Class:**

**All of Defendant's current and former drivers who worked in the State of Florida at any time during the three years before this Complaint was filed, up to the present, and were not paid all of their wages.**

49. Plaintiffs are committed to pursuing this action and have retained competent counsel experienced in employment law and class action litigation.

50. Plaintiffs have the same interests in this matter as all other members of the class and Plaintiffs' claims are typical of the Class.

51. There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

a. whether the Defendant employed the members of the Class within the meaning of Florida common law;

b. whether Defendant failed and/or refused to pay the members of the Class all their earned wages in one or more workweeks;

   c. whether the Defendant is liable for all damages claimed hereunder, including but not limited to, costs, disbursements and attorney's fees; and, finally,

   d. whether the Defendant should be enjoined from such violations of Florida common law in the future.

## COUNT I – FLSA OVERTIME VIOLATIONS

52. Plaintiffs realleges and readopts the allegations of Paragraphs 1-27 and 31-41 of this Complaint, as fully set forth herein. Plaintiff brings this action on behalf of themselves and all other similarly situated employees in accordance with 29 U.S.C. § 216(b). Plaintiffs anticipate that as this case proceeds, other individuals will sign consent forms and join this collective action as plaintiffs.

53. During the statutory period, Plaintiffs and the Class worked overtime hours while employed by Defendant, and they were not properly compensated at the premium rate for all of these hours under the FLSA.

54. Defendant failed to compensate Plaintiff and the Class at the premium rate for all of the overtime hours that Plaintiffs and the Class worked.

55. The Members of the Class are similarly situated because they were all employed as drivers by Defendant, were compensated in the same manner, and were all subject to Defendant's common policy and practice of failing to pay its drivers the premium rate for all of the overtime hours that they worked in accordance with the FLSA.

56. This reckless practice violates the provisions of the FLSA, specifically 29 U.S.C. § 207(a)(1). As a result, Plaintiffs and the Members of the Class are individually entitled to an amount equal to their unpaid overtime wages as liquidated damages.

57. All of Defendant's conduct, as alleged and described above, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

58. As a result of the foregoing, Plaintiffs and the Class have suffered damages.

**WHEREFORE**, Plaintiffs and all similarly situated employees who join this collective action demand:

    (a) Designation of this action as a collective action on behalf of the Plaintiffs and the prospective Class that they seek to represent, in accordance with the FLSA;

    (b) Prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA putative class, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. § 216(b);

    (c) Equitable tolling of the statute of limitations from the date of the filing of this complaint until the expiration of the deadline for filing consent to sue forms under 29 U.S.C. § 216(b);

(d) Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by this Court;

(e) Judgment against Defendant for an amount equal to the unpaid overtime wages of Plaintiffs and all opt-in Members of the Class, at the applicable overtime rate;

(f) A declaratory judgment stating that the practices complained of herein are unlawful under the FLSA;

(g) Judgment against Defendant for an amount equal to the unpaid back wages of Plaintiffs and all opt-in Members of the Class at the applicable overtime rate, as liquidated damages;

(h) Judgment against Defendant stating that their violations of the FLSA were willful;

(i) To the extent liquidated damages are not awarded, an award of prejudgment interest;

(j) All costs and attorney's fees incurred in prosecuting these claims; and

(k) For such further relief as this Court deems just and equitable.

## COUNT II – UNPAID WAGES UNDER FLORIDA COMMON LAW

59. Plaintiffs reallege and readopt the allegations of paragraphs 1-10, 12-13, 24-25, 28-31, and 42-51 of this Complaint, as though fully set forth herein.

60. Plaintiffs worked for Defendant during the statutory period, and Defendant agreed to pay Plaintiffs for Plaintiffs' services.

61. Defendant failed to compensate Plaintiffs with all "wages" owed to Plaintiffs, including Plaintiffs' unpaid wages, tips, and mileage compensation.

62. The Members of the Class are similarly situated because they were all employed as drivers by Defendant, were compensated in the same manner, and were all subject to Defendant's common policy and practice of failing to pay its drivers all of the wages owed to them.

63. As a result of the foregoing, Plaintiffs and Members of the Class have suffered damages.

**WHEREFORE**, Plaintiffs and all similarly situated employees who join this collective action demand:

  a) A jury trial on all issues so triable;

  b) That process issue and that this Court take jurisdiction over the case;

  c) Judgment against Defendant for an amount equal to Plaintiffs' and Members of the Class's unpaid back wages;

  d) All costs and attorney's fees incurred in prosecuting these claims, in accordance with Fla. Stat. §448.08; and

  e) For such further relief as this Court deems just.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 20th day of April, 2022.

                            Respectfully submitted,

                            _____
                            **LUIS A. CABASSA**
                            Florida Bar No.: 0053643
                            Direct Dial: (813) 379-2565
                            **SAWYER N. FRESCOLN**
                            Florida Bar No. 1034987
                            Direct Dial: (813) 337-7993
                            **WENZEL FENTON CABASSA, P.A.**
                            1110 N. Florida Avenue, Suite 300
                            Tampa, Florida 33602
                            Main Number: 813-224-0431
                            Facsimile: 813-229-8712
                            Email: lcabassa@wfclaw.com
                            Email: sfrescoln@wfclaw.com
                            Email: gdesane@wfclaw.com
                            **Attorneys for Plaintiff**